## PEOPLE v. MORGAN.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING OVER FOR TRIAL.

     Testimony of witnesses in preliminary examination on charge of injury to a safe that the safe had been taken from premises and damaged and that defendant was one of some men seen in act of moving safe into a house and watching or assisting attempt to open safe *held*, to constitute sufficient showing of probable cause to allow defendant to be bound over for trial (CL 1948, § 750.531).

2. SAME—STATUTES—INJURY TO SAFE—NOTICE OF OFFENSE.

     Statute prohibiting attempt to damage or injure a safe with intent to commit larceny together with other acts directed against persons does not require showing of an assault to prove violation and information charging defendant with attempt to injure or destroy a safe with intent to commit larceny properly notified defendant of charge against him (CL 1948, § 750.531).

3. SAME—INJURY TO SAFE—JURISDICTION OVER OFFENSE.

     Testimony at preliminary examination and at trial that offense of injury to safe occurred at dwelling house in Detroit was sufficient to establish jurisdiction in recorder's court regardless of whether safe may have been stolen from outside the territorial jurisdiction of the court.

Appeal from Recorder's Court of Detroit, Krause (Paul E.), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 4,002.) Decided September 23, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 450.
[2] 41 Am Jur 2d, Indictments and Informations § 66 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 397.

Harold L. Morgan was convicted of injury to a safe committed on September 6, 1965. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Harold L. Morgan, in propria persona.*

PER CURIAM. Defendant was convicted of the crime of injury to a safe, CL 1948, § 750.531 (Stat Ann 1954 Rev § 28.799). On appeal he raises issues which can be summarized as follows:

1. At the preliminary examination, was there probable cause shown to justify binding defendant over for trial?

2. Did the information properly inform of all elements of the offense for which defendant stood accused?

3. Did the lower court have jurisdiction to try the case?

At the preliminary examination, the owner of the safe testified that it had been taken from his place of business and identified a photograph of the damaged safe as his. A witness named defendant as one of the persons who had transported the safe from a truck into a Detroit residence and who had watched or assisted while attempts were made to open it. We hold that this testimony constituted sufficient showing of probable cause to allow defendant to be bound over for trial. *People* v. *Ray* (1966), 2 Mich App 623.

The statute which the accused was charged with having violated reads:

"Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years." CL 1948, § 750.531 (Stat Ann 1954 Rev § 28.799).

The information stated in part that defendant:

"With intent to commit the crime of larceny did attempt to break, burn, blow up or otherwise injure or destroy a safe, vault or other depository of money, bonds, or other valuables belonging to Nall Candler doing business as Great Lakes Industries, in a certain building, to wit: a dwelling situated at 731 Glover, in the said City of Detroit."

The statutory language is that any attempt to damage or injure a safe with intent to commit the crime of larceny is a felony. There need be no showing of assault to prove violation of that section of the statute of which defendant was accused and his argument that an assault was a necessary element of the crime is erroneous. The information properly set out the charges against him.

Finally, we hold that as testimony was introduced both at the preliminary examination and at the trial that the offense occurred at a dwelling house in the

city of Detroit, the Detroit Recorder's Court had jurisdiction to try the case. Defendant's argument that jurisdiction was absent merely because the owner of the safe had his place of business outside the city is without merit.

Affirmed.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.