PEOPLE v FERGUSON

1. CRIMINAL LAW—SAFE-BREAKING—CONSTITUTIONAL LAW—STATUTES.

The safe-breaking statute is not unconstitutionally vague or ambiguous (MCLA 750.531).

2. CRIMINAL LAW—STATUTES—SAFE-BREAKING—ELEMENTS OF CRIME.

Neither an "assault" nor a "putting in fear" is a necessary element of the crime of safe-breaking (MCLA 750.531).

3. STATUTES—CONSTITUTIONAL LAW—EQUAL PROTECTION—SAFE-BREAKING—ASSAULTIVE CONDUCT—NONASSAULTIVE CONDUCT—REASONABLENESS—ARBITRARINESS—ELEMENTS.

A statute enacted to protect structures intentionally constructed to protect valuables, which classifies assaultive and nonassaultive conduct in the same category, is not unreasonable or arbitrary under the equal protection tests because an assault is not a necessary element of the crime (MCLA 750.531).

4. STATUTES—CONSTRUCTION—CATCH LINES.

The catch-line heading of any section of a statute that follows the act section number shall in no way be deemed to be a part of the section of the statute or be used to construe the section more broadly or narrowly than the text of the section would indicate, but shall be deemed to be inserted for purposes of convenience to persons using publications of the statute (MCLA 8.4b).

5. CRIMINAL LAW—STATUTES—CONSTITUTIONAL LAW—SAFE-BREAKING —PENALTIES—CRUEL AND UNUSUAL PUNISHMENT—STANDARDS OF DECENCY—SUITABILITY.

The penalty of life imprisonment or any lesser term of years, which may be imposed for violation of the safe-breaking stat-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes §§ 293–306.
[3] 73 Am Jur 2d, Statutes § 43.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 21 Am Jur 2d, Criminal Law §§ 612, 614, 615.
[6] 21 Am Jur 2d, Criminal Law § 8.
[7] 13 Am Jur 2d, Burglary § 74.

ute, is not in excess of any penalty that would be suitable to fit the crime nor incompatible with evolving standards of decency, and, therefore, does not constitute cruel and unusual punishment (MCLA 750.351).

6. CRIMINAL LAW—PROSECUTORS—SEPARATE OFFENSES—ELECTION BETWEEN COUNTS—SAME ACTS—SAME TIME—SAME TESTIMONY.

The prosecution is not required to elect between counts where the offenses charged arose out of the same acts committed at the same time and where the same testimony must be relied upon for conviction.

7. CRIMINAL LAW—SAFE-BREAKING—BURGLARY WITH EXPLOSIVES— DUE PROCESS.

It is not a denial of due process to charge a defendant under the "bank, safe and vault robbery" statute where the defendant could have been charged under the "burglary with explosives" statute once he broke and entered carrying dynamite but then proceeded to attempt to open a safe and to commit acts which would have brought him within the statute on "bank, safe and vault robbery" (MCLA 750.112, 750.531).

Appeal from Livingston, James Teahen, J. Submitted Division 2 March 4, 1975, at Lansing. (Docket No. 20078.) Decided April 8, 1975.

Donald L. Ferguson was convicted on retrial of breaking and entering, possession of burglary tools, and safe robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson, III,* Director, and *William P. Weiner,* Special Assistant Attorney General), for the people.

*Thomas Rasmusson,* for defendant on appeal.

Before: QUINN, P. J., and BASHARA, and N. J. KAUFMAN, JJ.

BASHARA, J. Defendant was convicted at a trial without a jury of breaking and entering and sentenced to 6-1/2 to 10 years,[1] possession of burglary tools, 6-1/2 to 10 years,[2] and safe robbery, 20 to 40 years.[3] This case has been tried twice. Defendant's first conviction was reversed and remanded for trial by this Court in *People v Ferguson,* 46 Mich App 331; 208 NW2d 647 (1973). The facts therein are sufficiently stated. Defendant appeals from this second conviction after remand.

MCLA 750.531; MSA 28.799, bank, safe and vault robbery, reads:

"Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years."

This statute has withstood several constitutional challenges. In *People v Grabowski,* 15 Mich App 12; 166 NW2d 57 (1968), our Court found the safe breaking statute was not unconstitutionally vague or ambiguous. In *People v Morgan,* 13 Mich App

[1] MCLA 750.110; MSA 28.305.
[2] MCLA 750.116; MSA 28.311.
[3] MCLA 750.531; MSA 28.799.

256; 163 NW2d 842 (1968), the Court held that an assault is not a necessary element of the crime. Those cases do not consider the infirmities alleged herein.

Defendant first contends that the "bank, safe and vault robbery" statute is unconstitutional for three reasons. We shall discuss them *seriatim.*

# I

Does the "bank, safe and vault robbery" statute violate the equal protection clause of the constitution in that it penalizes assaultive and nonassaultive larcenies in the same manner?

The test which has been consistently approved by our Supreme Court and the United States Supreme Court to determine if a statute violates an individual's right to equal protection is whether the statute rests upon a reasonable basis and whether it is essentially arbitrary in nature. *Lindsley v Natural Carbonic Gas Co,* 220 US 61; 31 S Ct 337; 55 L Ed 369 (1911), *Naudzius v Lahr,* 253 Mich 216; 234 NW 581 (1931), *People v Sinclair,* 387 Mich 91, 123; 194 NW2d 878 (1972).

The Legislature's purpose in enacting MCLA 750.531; MSA 28.799 was to protect structures intentionally constructed to protect valuables. Our Court has held that an assault or "putting in fear" in connection with an attempt to break open a safe is not a necessary element which must be proven before a conviction can be upheld. *People v Sawicki,* 34 Mich App 240; 191 NW2d 104 (1971), *People v Morgan, supra.* In view of these decisions, we cannot say that MCLA 750.531; MSA 28.799 is unreasonable or arbitrary in classifying assaultive and nonassaultive violations of this statute in the same category.

## II

Does the "bank, safe, and vault robbery" statute violate the object-title clause of Const 1963, art 4, § 24?

Defendant previously raised this issue in his earlier appeal. Our Court in rejecting this claim stated the words objected to were not a part of the title line of the section but were a part of the "catch line heading" of the section. See MCLA 8.4b; MSA 2.215. We approve of the reasoning in our prior holding and reject defendant's assertion.

## III

Does the penalty for violating the "bank, safe and vault robbery" statute constitute cruel and unusual punishment?

Our Supreme Court in *People v Lorentzen*,[4] 387 Mich 167; 194 NW2d 827 (1972), recently invalidated the 20 year minimum penalty of MCLA 335.152; MSA 18.1122 for the reason that it constituted cruel and unusual punishment. The Court in *Lorentzen, supra,* used a two pronged analysis in making its determination. The dominant consideration was whether "the punishment is in excess of any that would be suitable to fit the crime". The other consideration was whether the sentence was compatible with the evolving standards of decency.

The Supreme Court in *Lorentzen, supra,* concluded that a mandatory minimum prison sentence of 20 years was so excessive that it "shocks the conscience". The penalty provision of MCLA 750.531; MSA 28.799 does not require a mandatory minimum sentence. It provides for life imprison-

---

[4] In *Lorentzen,* defendant was convicted of unlawful sale of marijuana.

ment or any term of years. We cannot say the possibility of a life sentence or a lesser number of years is excessive even in the case of a nonassaultive violation of this statute. The statute in giving a trial judge wide discretion to consider the facts of the particular case upon sentencing makes defendant's claim untenable. We thus hold the sentencing provision of MCLA 750.531; MSA 28.799 does not constitute cruel and unusual punishment.

Defendant next contends his due process rights were violated in that he was tried for two separate and distinct offenses at the same time. The second count of the information charged defendant with violating the "bank, safe and vault robbery" statute, while the third count charged him with unlawfully possessing burglar's tools.[5] The two counts allege acts arising from the same transaction.

In *People v Bommarito,* 309 Mich 139, 143; 14 NW2d 812 (1944), the Court stated: "[T]here is no question but that the doctrine is well settled that a person should not be subjected to trial for two separate and distinct offenses at one time. [Citations omitted.] But it is also well settled that the people cannot be required to elect between counts where the offenses charged arose out of the same acts at the same time and the same testimony must be relied upon for conviction."

The two counts in the information were properly tried at the same time.

Defendant also argues that due process required the prosecutor to charge him under the "burglary with explosives" statute, MCLA 750.112; MSA 28.307, rather than under the "bank, safe and vault robbery" statute. This claim was rejected in the prior appeal of this case.

We stated:

---

[5] MCLA 750.116; MSA 28.311.

"From the facts of this particular case, defendant could have been charged under the 'burglary with explosives' statute, once they broke and entered carrying the dynamite. Having proceeded to attempt to open the safe that evening, they committed acts bringing them within the authority of the 'bank, safe and vault robbery' statute." *People v Ferguson,* 46 Mich App 331, 338; 208 NW2d 647 (1973).

Defendant's final contention, that the district court lacked jurisdiction, has been rejected by our Supreme Court in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed.