PEOPLE v DONALDSON

1. CRIMINAL LAW—SPEEDY TRIAL—CONSIDERATIONS.

Four factors are considered in the review of a speedy trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant.

2. CRIMINAL LAW—INSANITY—BIFURCATING TRIAL—DISCRETION.

It is within a court's discretion to bifurcate a trial where an insanity defense is alleged together with a defense on the merits.

3. CRIMINAL LAW—SEPARATE TRIALS—DIFFERENT TRANSACTIONS.

An accused has the right not to be tried at one time for two separate and distinct offenses arising out of substantially different transactions.

Appeal from Marquette, Bernard H. Davidson, J. Submitted October 14, 1975, at Marquette. (Docket Nos. 22913, 22914, 22915, 22916, 22917.) Decided November 13, 1975.

Frank Donaldson, also known as Frank Parter, is charged with prison escape and kidnapping. Defendant appeals by leave granted from the denial of several pretrial motions. Remanded for separate trials.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 160.
21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 47.
Constitutional questions as to insanity in criminal case—Supreme Court cases. 96 L Ed 1313.
[3] 21 Am Jur 2d, Criminal Law § 474.

*Derengoski,* Solicitor General, and *John R. Weber,* Special Prosecuting Attorney for Marquette County (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Special Assistant Attorney General, of counsel), for the people.

*Shumar & Murphy,* for defendant.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant is charged with prison escape, MCLA 750.349; MSA 28.581, and kidnapping, MCLA 750.193; MSA 28.390. By leave defendant brings this interlocutory appeal from the denial of several pretrial defense motions.

Defendant argues that he was denied his right to a speedy trial because of a delay of over 20 months between arrest and trial. Four factors are considered in the review of a speedy trial claim: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974). Twenty months did indeed elapse between defendant's arrest in March, 1973, and the last trial date set prior to this appeal. Most of this delay, however, is attributable to defendant. Only 13 months passed between arrest and the first of three continuances granted at defense counsel's request. Of those 13 months, nine were consumed with competency examinations and proceedings which resulted when the competency issue was raised by defense counsel. After an initial forensic evaluation, defendant was adjudged incompetent. Several months later, after a subsequent forensic evaluation and recommendation, defendant was adjudged

competent. Criminal proceedings were then resumed. Without question defendant sufficiently asserted his right here. However, there is no substantial evidence of prejudice to the defendant. Defendant was in prison at the time of the alleged offenses and would have remained there in any case during the claimed delay. A review and balancing of the four factors leads this Court to find that defendant in this case was not denied his constitutional right to a speedy trial.

It is next contended by the defendant that the trial court's failure to bifurcate the trial was error. Some jurisdictions recognize that where an insanity defense is alleged together with a defense on the merits, the trial should be bifurcated, because substantial prejudice may result from the simultaneous trial on a plea of insanity and not guilty.

We hold this determination to be within the trial court's sound discretion. In other states it has been said that the trial court should consider two factors in such a decision: (1) whether defendant has a meritorious defense, and (2) whether there is a substantial claim of insanity related to the incident. Considering the probable expenditure of great additional time and resources, defendant has not shown that such an unusual step is necessary or warranted in this case. See *Sexton v State,* 319 NE2d 829 (Ind, 1974), *Garrett v State,* 320 A2d 745 (Del, 1974), *State v Helms,* 284 NC 508; 201 SE2d 850 (1974).

Defendant further claims error in the trial court's refusal to sever the two offenses for separate trials. The prison escape is alleged to have occurred on March 24, 1973, and the kidnapping on March 26. The trial court concluded that the escape and kidnap were part of the same transaction and that, therefore, *People v White,* 390 Mich

245; 212 NW2d 222 (1973), required that they be tried at one time. However, the escape and the kidnapping alleged here are not part of a single transaction for double jeopardy purposes. *People v White, supra,* does not require that they be tried at the same time. See *People v Charles Johnson,* 62 Mich App 240; 233 NW2d 246 (1975). An accused has the right not to be tried at one time for two separate and distinct offenses arising out of substantially different transactions. *Cf. People v Tobey,* 60 Mich App 420; 231 NW2d 403 (1975), *People v Ferguson,* 60 Mich App 302; 230 NW2d 406 (1975).

Defendant's remaining allegations of error are without merit. Accordingly, we remand this cause for separate trials.

Remanded.