PEOPLE v DeVRIESE

1. STATUTES—CRIMINAL LAW—SAFECRACKING—DEPOSITORIES FOR VALUABLES—CONSTRUCTION OF DEPOSITORIES.

The safecracking statute seeks to protect structures intentionally constructed to protect valuables, and the statute covers all structures whether constructed by a manufacturer for sale or an individual for his own use, so long as the structure is one which is substantially impenetrable (MCLA 750.531; MSA 28.799).

2. STATUTES—CRIMINAL LAW—SAFECRACKING—DEPOSITORIES FOR VALUABLES—CONSTRUCTION OF DEPOSITORIES—QUESTIONS OF FACT.

A safe, vault, or other depository for valuables as described in the safecracking statute includes only those structures which are substantially impenetrable, and whether a depository falls within the terms of the statute is a question of fact (MCLA 750.531; MSA 28.799).

Appeal from Wayne, Charles Kaufman, J. Submitted April 22, 1977, at Detroit. (Docket No. 30769.) Decided August 15, 1977. Leave to appeal applied for.

Garry DeVriese was convicted, on his plea of guilty, of safecracking. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Products Liability § 66.

*Faintuck, Shwedel, Roether, Wolfram, McDonald & Zipser,* for defendant.

Before: V. J. BRENNAN, P. J., D. F. WALSH and J. N. O'BRIEN,* JJ.

PER CURIAM. On May 24, 1976, defendant pled guilty to the charge of safecracking, MCLA 750.531; MSA 28.799, which plea was accepted by the trial court on June 15, 1976. Defendant now appeals arguing that the structure which he and a companion forcibly opened, *i.e.,* a converted walk-in refrigerator, is not a "safe, vault or other depository" within the meaning of the statute.

In enacting MCLA 750.531; MSA 28.799, the Legislature sought to protect structures intentionally constructed to protect valuables. *People v Ferguson,* 60 Mich App 302; 230 NW2d 406 (1975). In our opinion this includes those constructed by a manufacturer for sale or an individual for his own use so long as the structure is one which is substantially impenetrable. *People v Collins,* 273 Cal App 2d 1; 77 Cal Rptr 741 (1969). The issue of whether a depository is substantially impenetrable so as to fall within the terms of the statute is a question of fact. *People v Collins, supra.*

We note that the plea was originally offered on the understanding that the trial court would determine as a matter of law whether the structure broken into was a "safe, vault or other depository" as those terms are used in MCLA 750.531; MSA 28.799. The trial court interpreted the statute to extend to any depository of money. In light of our holding that "safe, vault or other depository" includes only those structures which are substan-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tially impenetrable, the present case is remanded for further proceedings.

If the defendant remains willing to have the trial court determine the issue of substantial impenetrability, the prosecutor shall be given an opportunity to establish a factual basis supporting that element of the offense. If he is able to do so, the conviction is affirmed. If not, the judgment of conviction shall be set aside. See, *Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975). In the alternative the defendant may elect to withdraw his plea of guilty and go to trial before a jury on the original charge.

Remanded for proceedings consistent with this opinion.