STATE OF NORTH CAROLINA v. DAVID CHRISTOPHER GOODSON

No. COA05-1255

(Filed 18 July 2006)

**Crimes, Other— safecracking—locked desk not a safe**

A "safe" or "vault" must be something more substantial than a common locked desk compartment for a conviction under the safecracking statute, N.C.G.S. § 14-89.1. Defendant's motion to dismiss should have been granted.

Appeal by defendant from judgment entered 5 May 2005 by Judge Kenneth F. Crow in Carteret County Superior Court. Heard in the Court of Appeals 17 May 2006.

*Attorney General Roy Cooper, by Assistant Attorney General LaShawn L. Strange, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

ELMORE, Judge.

David Goodson's (defendant) appeal from his conviction for safe-cracking and being an habitual felon raises the issue of whether a locked desk is a safe within the meaning of N.C. Gen. Stat. § 14-89.1. Since we cannot agree with the trial court that a locked desk compartment falls within the legislative intent for specifically punishing the act of attempting to break into a safe, we must reverse.

Complainants, Kim Purser and Charlene Lassiter, are co-owners of the Island Cove Convenience Store (the Store) in Atlantic Beach, North Carolina. At about 2:40 p.m. on 27 May 2004, Ms. Purser left the front of the store to go back to the office area. When she came in the office she saw defendant on his knees in front of a desk, attempting to pry open a side compartment of the desk with a tool. She yelled at defendant; he ran out a back door of the Store and got into a black Isuzu Trooper. Police later apprehended defendant and Ms. Purser identified him as the man she saw attempting to break into the desk.

Ms. Purser and Ms. Lassiter testified that the desk defendant was attempting to break into was one similar to those one would purchase at an office supply store or department store and assemble yourself. They testified that it was made of particle board and had a locking side compartment door. Inside that locked door is where the Store

kept a lockbox with money, the company checkbook, and the Store's computer. Several police officers testified that a screwdriver was recovered from defendant's car and the marks on the desk matched that which the screwdriver would make.

Defendant was tried for safecracking, in violation of N.C. Gen. Stat. § 14-89.1, which makes it a Class I felony to "unlawfully open[], enter[], or attempt[] to open or enter a safe or vault . . . [b]y the use of explosives, drills, or tools . . . ." N.C. Gen. Stat. § 14-89.1(a)(1) (2005). At the close of the State's case, defendant made a motion to dismiss the charges, arguing that the State had not presented substantial evidence he attempted to break into a "safe" or "vault."

When considering a motion to dismiss for insufficient evidence, the trial court must determine whether there is substantial evidence of each element of the offense and that the defendant committed the offense. *State v. Irwin*, 304 N.C. 93, 97, 282 S.E.2d 439, 443 (1981). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Smith*, 150 N.C. App. 138, 140, 564 S.E.2d 237, 239 (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991) (citations omitted)), *cert. denied*, 355 N.C. 756, 566 S.E.2d 87 (2002). All evidence is to be considered in the light most favorable to the State and all reasonable inferences are to be drawn therefrom. *Irwin*, 304 N.C. at 98, 282 S.E.2d at 443. Where there is a reasonable inference of a defendant's guilt from the evidence, the jury must determine whether that evidence "convinces them beyond a reasonable doubt of defendant's guilt." *Id.*

The trial court entered findings in the record to support its determination that the State had presented substantial evidence the desk compartment was a safe or vault. In particular, the court found that: the storage area of the desk had a lock on it that was secured by a key; the lock was consistent with the type of lock that was meant and designed to keep people from getting into the storage area; the storage area was designed to keep items safe and secure; inside the storage area was a cash box and other items of value to the store owner; and use of the storage area was as a vault. Yet, we are not convinced that the legislature intended "safe" or "vault" to include a desk compartment such as complainants'.

When interpreting statutes, our principal goal is "to effectuate the purpose of the legislature in enacting the statute." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002).

As with any other statute, the legislative intent controls the interpretation of a criminal statute. . . . We generally construe criminal statutes against the State. . . . However, '[t]he canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the "narrowest meaning"; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers.'

*State v. Jones*, 358 N.C. 473, 477-78, 598 S.E.2d 125, 128 (2004) (internal citations omitted). But civil or criminal, "[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988).

The plain meaning of the word "safe" is "[a] metal container usually having a lock, used for storing valuables[,]" or more broadly, "[a] repository for protected stored items." The Am. Heritage Coll. Dictionary 1199 (3rd ed. 1997). Also, "vault" means "[a] room or compartment, often built of steel, for the safekeeping of valuables." *Id.* at 1494. Thus, the use of these words suggests the General Assembly intended to criminalize only the attempted entry (in this case) of a solid, strong compartment with a locking mechanism or other means. of protection that one stores valuables in for safekeeping. While the broadest definition of safe may include a simple locked desk compartment used as "a repository for protected items," in the context of a criminal statute, we are compelled to prohibit the word from stretching to its maximum breadth. *See State v. Thomas*, 292 N.C. 251, 232 S.E.2d 411 (1977) (prior version of safecracking statute criminally actionable only where a safe is opened by use of tools or explosives and without force defendant's action is not punishable); *see also* 1977 N.C. Sess. Laws ch. 1106, § 1 (an act to clarify statute to make it apply when the safe or vault is "unlawfully opened without the use of force."). Otherwise, any desk drawer, or possibly any suitcase, bearing a lock would constitute a safe—and hence a Class I felony for attempting to break into it. A "safe" or "vault," while not necessarily having to be that associated with a bank or those stylized in old western movies, must be something more substantial than a common locked desk compartment.

Other jurisdictions that have reviewed this issue are in agreement. In *People v. DeVriese*, 258 N.W.2d 93, 94-95 (Mich. Ct. App.

STATE v. GOODSON

[178 N.C. App. 557 (2006)]

1977), the court remanded a conviction for safecracking where defendant broke into a converted walk-in refrigerator. The court held that the structure was not a "safe, vault, or other depository" since it was not shown to be "substantially impenetrable." *Id.* Also, while applying a similar safecracking statute to that of North Carolina's, the court in *State v. Gover*, 587 N.E.2d 321 (Ohio Ct. App. 1990), determined that when a vault was used as a private dining area in a restaurant and a safe as a display case for cosmetic jewelry, the defendant could not be guilty of safecracking. *Id.* at 323. In reversing a conviction for safecracking in which a defendant broke into a vending machine, the Supreme Court of Ohio applied nothing more than common logic to the words "safe" and "vault."

> Those words, considered together, strongly suggest iron or steel containers ordinarily found in banking institutions or in business establishments, which are used for the storage of money, jewelry, other valuables and important papers and documents. One pictures a safe as an iron or steel depository for the safekeeping of assorted valuables and a vault as a large arched or square structure located in a protected area such as an underground basement and built of stone, bricks, concrete or steel, where a variety of valuables are usually stored. One dictionary definition of a vault is 'a chamber used as a safe.'

*State v. Aspell*, 225 N.E.2d 226, 228 (Ohio 1967).

In sum, just because complainants referred to the desk compartment as a safe or used it to store their money does not constitute substantial evidence that it is legally cognizable as such. Defendant's motion to dismiss should have been granted. And since this felony subjected defendant to being an habitual felon, the judgment entered upon that indictment must be vacated. Further, due to our disposition of this case, defendant's petition for writ of certiorari regarding his sentencing factors is academic; and as such, we hereby dismiss it as moot.

Reversed in part; vacated in part (04 CRS 04573); dismissed in part.

Judges McGEE and STEELMAN concur.