PEOPLE v ARMSTRONG

Docket No. 78-4918. Submitted April 1, 1980, at Grand Rapids.—
    Decided October 6, 1980.

Larry E. Armstrong was convicted of three counts of first-degree
    criminal sexual conduct, one count of second-degree criminal
    sexual conduct and one count of breaking and entering, Bay
    Circuit Court, John X. Theiler, J. The defendant had broken
    down the door to a trailer and dragged the complainant to a
    bedroom and raped her. Defendant appeals, alleging several
    errors. *Held:*

    1. Cross-examination by the prosecutor regarding the defen-
    dant's prior criminal activities was not improper because the
    defendant's counsel, in his opening statement, and the defen-
    dant, on direct examination, admitted that the defendant had
    been in trouble before, thereby initiating the testimony on that
    subject. Also, the defense made no objection at trial to the
    prosecutor's questioning.

    2. Introduction of the defendant's prior criminal record was a
    trial tactic and, as such, did not deprive the defendant of a fair
    trial or of the effective assistance of counsel.

    3. The breaking and entering in this case was not an essen-
    tial element of the offense of first-degree criminal sexual con-
    duct. The criminal sexual conduct was raised to the first degree
    by force and coercion which caused injury to the victim, not by
    the breaking and entering. Therefore, the defendant may prop-
    erly be convicted of both breaking and entering and first-degree
    criminal sexual conduct.

    4. There was only one criminal sexual transaction. Therefore,
    the defendant can only be convicted of one criminal sexual
    offense even though the sexual penetration was accompanied by

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 267, 320, 321.
[2] 21 Am Jur 2d, Criminal Law § 315.
    29 Am Jur 2d, Evidence § 320.
[3] 21 Am Jur 2d, Criminal Law § 315.
[4] 21 Am Jur 2d, Criminal Law § 8.
    65 Am Jur 2d, Rape § 4.
[5] 65 Am Jur 2d, Rape § 3.

more than one of the aggravating circumstances enumerated in the first-degree criminal sexual statute.

Two of the convictions of first-degre criminal sexual conduct and the conviction of second-degree criminal sexual conduct are vacated. One conviction of first-degree criminal sexual conduct and the breaking and entering conviction are affirmed.

1. CRIMINAL LAW — PRIOR CRIMINAL ACTIVITY — TESTIMONY.

A prosecutor may properly cross-examine a defendant regarding his past troubles with the law where the defendant has initiated testimony on the subject by admitting in the defense's opening statement and on direct examination that he had been in trouble before and where no objection is made to the prosecutor's questions.

2. CRIMINAL LAW — PRIOR CRIMINAL ACTIVITY — EFFECTIVE ASSISTANCE OF COUNSEL — TRIAL TACTICS.

The intentional introduction by defense counsel of a defendant's prior criminal record does not constitute a serious mistake of counsel depriving the defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic.

3. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL.

The test to be applied where a mistake of defense counsel is alleged to have denied a defendant adequate representation is whether it appears that a new trial wherein the mistake complained of would not be repeated would in all likelihood result in an acquittal.

4. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — AGGRAVATING CIRCUMSTANCES — UNDERLYING FELONY.

A defendant may be convicted of both breaking and entering and criminal sexual conduct in the first degree where the aggravating circumstance which elevates the criminal sexual conduct to the first degree is the defendant's use of force and coercion causing personal injury to the victim after breaking and entering the dwelling where the attack took place; the breaking and entering is not an underlying felony of the first-degree criminal sexual conduct but is a totally unrelated charge and proof of one does not require proof of the other.

5. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — SINGLE TRANSACTION — STATUTES.

A single criminal sexual transaction involving a single penetration gives rise to only one criminal conviction even though the sexual penetration is accompanied by more than one of the

aggravating circumstances enumerated in the first-degree criminal sexual conduct statute; the various statutory aggravating circumstances are alternative ways of proving criminal sexual conduct in the first degree (MCL 750.520b; MSA 28.788[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Bleau,* Assistant Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and E. E. BORRADAILE,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted by a jury of three counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), one count of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), and one count of breaking and entering, MCL 750.110; MSA 28.305. Thereafter sentenced to three 10 to 20 year prison terms and two 5 to 10 year prison terms respectively, he appeals as of right.

Defendant contends that it was reversible error for the prosecutor to cross-examine him regarding his past troubles with the law. We disagree. In defense counsel's opening statement and on direct examination defendant admitted he had been in trouble before. He initiated the testimony on this subject. Moreover, there was no objection to the line of questioning. *People v Roger Johnson,* 382 Mich 632; 172 NW2d 369 (1969), *cert den,* 397 US 1079; 90 S Ct 1533; 25 L Ed 2d 816 (1970).

Defendant also contends that he was denied effective assistance of counsel and a fair trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

because of a series of mistakes by his trial counsel. As previously mentioned, the defense attorney in his opening remarks referred to defendant's prior record and on direct examination questioned defendant regarding previous crimes. A motion *in limine* to exclude prior misdemeanor convictions was not made. Defendant claims that no lawyer with ordinary training and skill in the criminal law would have twice "opened the door" for the admission of prejudicial material. We are not persuaded. This was a matter relating to trial strategy and as such will not support a claim of ineffective assistance of counsel. Even the intentional introduction by defense counsel of a prior criminal record does not constitute a serious mistake of counsel depriving defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic. *People v Karasek,* 63 Mich App 706; 234 NW2d 761 (1975).

The test to be applied where a mistake of defense counsel is alleged to have denied a defendant adequate representation is whether it appears that a new trial, wherein the mistake complained of would not be repeated, would in all likelihood result in an acquittal. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). After reviewing the record of the instant case, we cannot say that there would have been a likelihood of acquittal had the criminal record been excluded. A cigarette package bearing defendant's fingerprint was found on the bed. The complainant, a babysitter, positively identified defendant as the man who broke down the trailer door, grabbed her by the hair and dragged her into the bedroom where she was raped. Despite alibi testimony to the contrary, the evidence against defendant was overwhelming.

We disagree with defendant's contention that

the breaking and entering was an essential element of the offense of criminal sexual conduct in the first degree. *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978), is clearly distinguishable from the present case. In *Swearington,* the aggravated circumstance which raised criminal sexual conduct in the third degree to criminal sexual conduct in the first degree was that the sexual conduct occurred during the commission of another felony, specifically, breaking and entering. In the instant case, the aggravating factor which raised criminal sexual conduct in the third degree to criminal sexual conduct in the first degree was not the breaking and entering, but the fact that defendant used force and coercion causing personal injury to the victim. Therefore, the breaking and entering was not an underlying felony of the criminal sexual conduct in the first degree but a totally unrelated charge and proof of one did not require proof of the other. In such cases, a defendant can be convicted of both charges. A similar factual situation is found in *People v Flores,* 92 Mich App 130, 137; 284 NW2d 510 (1979), which held:

"The basis of this first-degree criminal sexual conduct charge is materially different from the basis of the first-degree criminal sexual conduct charge in *Swearington.* That is, under the facts presented, the defendant was charged with criminal sexual conduct in the first degree because he used force and coercion to penetrate the complainant and because he caused her personal injury in so doing. Under the factual situation in the instant case, the defendant could have been charged with and convicted of first-degree criminal sexual conduct regardless of whether he committed another felony, *e.g.,* breaking and entering with intent to commit a felony. In essence, defendant in the case at bar was charged and tried for acts which constituted two separate

crimes, *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977)."

We adopt the reasoning of *Flores, supra,* and find it to be applicable to the case at bar.

Defendant's sole meritorious issue is that it was improper to charge, convict and sentence on multiple counts of criminal sexual conduct when there was evidence of only a single continuing transaction. The events in question were confined to a single location and occurred within a brief time span lasting approximately five minutes.

The threshold question is one of statutory interpretation of the criminal sexual conduct statute, which lists four degrees of criminal sexual conduct and the circumstances under which the conduct occurs. The fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in this statute may well ease the burden upon the prosecution in obtaining a conviction under MCL 750.520b; MSA 28.788(2), but it gives rise to only one criminal conviction when, as here, there is only one criminal sexual transaction. Although the statute is not explicitly phrased in the alternative, we are of the opinion that the Legislature intended that the various aggravating circumstances be alternative ways of proving criminal sexual conduct in the first degree. *People v Johnson,* 406 Mich 320, 331; 279 NW2d 534 (1979).

Defendant's first conviction for CSC1 is affirmed. His later two convictions for CSC1 and his conviction of CSC2 are vacated. Defendant's conviction for breaking and entering is affirmed.