PEOPLE v THOMAS

Docket No. 56976. Submitted April 6, 1982, at Grand Rapids.—Decided August 23, 1982. Leave to appeal applied for.

Oliver Thomas was convicted of armed robbery following a jury trial in Berrien Circuit Court, William S. White, J. During the cross-examination of defendant, in an effort to discredit defendant's testimony that he did not intend to harm or scare anyone despite his use of a gun during the robbery of the bank, the prosecutor, in an apparent attempt to elicit a reaction from the defendant, pointed the revolver used by defendant in the robbery at the defendant. Defendant appeals, contending that the prosecution should have charged him with bank robbery rather than armed robbery and that the prosecutor's conduct during the cross-examination of defendant denied defendant a fair trial. *Held:*

1. The bank robbery statute and the armed robbery statute, while involving the same subject matter, have different intended purposes: the former is intended to protect structures *intentionally constructed to protect valuables,* while the latter is intended to protect persons from assaultive takings by means of a dangerous weapon. Where there is a larceny accomplished by an assault with a dangerous weapon, the prosecutor, in an exercise of his discretion, may bring a charge under the armed robbery statute rather than the bank robbery statute even though the robbery takes place in a bank. Since the bank robbery statute covers acts not covered by the armed robbery statute, the prosecutor's exercise of his discretion does not render the bank robbery statute a nullity.

2. Since the record does not establish a system of behavior by the prosecutor demonstrating an attempt to deprive defendant of a fair trial, and the record establishes that defendant was afforded a fair trial in which overwhelming evidence of his

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 63 Am Jur 2d, Prosecuting Attorneys § 26.

[2, 3] 67 Am Jur 2d, Robbery §§ 4, 86 *et seq.*

[4] 21A Am Jur 2d, Criminal Law § 836.

 63 Am Jur 2d, Prosecuting Attorneys § 27.

[5] 21 Am Jur 2d, Criminal Law § 291.

guilt was presented, reversal is not mandated by the gun episode which took place during the cross-examination of defendant.

Affirmed.

1. PROSECUTING ATTORNEYS — CRIMINAL LAW — DISCRETION.

Prosecuting attorneys have broad latitude in determining what charge to bring in a criminal prosecution; absent a clear abuse of discretion, judicial interference with this exercise of prosecutorial judgment is impermissible.

2. CRIMINAL LAW — BANK ROBBERY — ARMED ROBBERY.

The armed robbery statute and the bank robbery statute, even though involving comparable subject matter, were promulgated to protect different interests; the bank robbery statute is intended to protect structures intentionally constructed to protect valuables, while the armed robbery statute is intended to protect persons from assaultive taking by means of a dangerous weapon; the bank robbery statute is broader than the armed robbery statute since a conviction can be had under the bank robbery statute without proof of an assault or the asportation of property and upon proof of a felony other than larceny.

3. PROSECUTING ATTORNEYS — CRIMINAL LAW — ARMED ROBBERY — BANK ROBBERY.

A prosecuting attorney, in the exercise of his discretion, may charge a person with armed robbery rather than bank robbery where, even though otherwise within the scope of the bank robbery statute, there exists a factual basis from which a larceny, an assault and the use of a weapon could be found; permitting a prosecuting attorney to bring a charge for armed robbery rather than bank robbery under such circumstances does not render the bank robbery statute a nullity (MCL 750.529, 750.531; MSA 28.797, 28.799).

4. PROSECUTING ATTORNEYS — FAIR TRIAL.

A prosecuting attorney, being an officer of the court, is under a duty to assure that a trial is conducted fairly.

5. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — FAIR TRIAL.

The zealous pursuit of collateral matters by a prosecutor in a criminal trial does not mandate reversal where the prosecutor did not engage in an overt effort to deny the defendant a fair trial, the trial itself was abundantly fair and the evidence against the defendant was overwhelming.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DeWITT,* JJ.

D. S. DeWITT, J. Defendant appeals as of right his September 4, 1980, jury conviction of armed robbery. MCL 750.529; MSA 28.797. Following his conviction he was sentenced to a term of from 10 to 30 years imprisonment.

Defendant's conviction arose out of an April 1, 1980, robbery of the Red Arrow Branch of the Farmers and Merchants Bank in Benton Harbor, Michigan. Witnesses testified that three men approached a teller's window and stood behind a customer who was being served at the window. When the bank teller inquired of defendant, the first man in line, "May I help you?", he replied, "Yes, you may" and reached under his coat and pulled out a chrome-plated revolver.

Bank teller Mark Guzicki testified that defendant entered the work area and placed his gun at Guzicki's back. As defendant shoved Guzicki, the gun he was holding discharged, leaving powder burns on Guzicki's shirt but not injuring him. Guzicki further testified that defendant threatened to kill him if he did not open the bank safe.

Upon being informed by the bank manager that the bank safe was controlled by a time lock mechanism and could not be opened, defendant removed money that was kept in the teller's drawers

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and stuffed it into two canvas bags. By this time defendant's two accomplices had fled the scene, having earlier expressed concern that the robbery was taking too much time. Defendant was apprehended by police officers shortly after leaving the bank. Two canvas bank bags containing approximately $38,000 and a chrome-plated revolver were found in defendant's possession.

Defendant first argues that the prosecutor abused his discretion in charging him with armed robbery, MCL 750.529; MSA 28.797, when the facts would have supported a charge of bank robbery, MCL 750.531; MSA 28.799. Prosecutors have a broad latitude in determining what charge to bring in a criminal prosecution. Absent a clear abuse of discretion, judicial interference with this exercise of prosecutorial judgment is impermissible. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972). There is a split of authority in this Court as to whether a prosecutor may charge a defendant with armed robbery when the facts would support a charge of bank robbery.

In *People v Williams,* 98 Mich App 510, 513; 296 NW2d 293 (1980), under facts substantially similar to those in the instant case, this Court held that the defendant could be charged under either the armed robbery or the bank robbery statute. A contrary result was reached by this Court in *People v Joseph Vannoy,* 106 Mich App 404, 410; 308 NW2d 233 (1981), on the basis of the following rule of statutory construction:

"A basic rule of statutory construction is that a statute specific in language and enacted subsequent to or contemporaneously with a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between

them. *Manville v Board of Governors of Wayne State University,* 85 Mich App 628; 272 NW2d 162 (1978)."

The *Vannoy* Court also relied on *People v LaRose,* 87 Mich App 298; 274 NW2d 45 (1978).

After reviewing the cases relied upon by the *Vannoy* Court, we believe that the *Williams* opinion represents the better analysis of this issue. The case of *Manville v Board of Governors* involved a suit by a prison inmate performing work pursuant to the Correctional Industries Act, MCL 800.321 *et seq.;* MSA 28.1540(1) *et seq.* The plaintiff claimed that compensation paid him, though consistent with the applicable provisions of the act, was less than that mandated by the Michigan Minimum Wage Law, MCL 408.381 *et seq.;* MSA 17.255(1) *et seq.* In ruling that the terms of the Correctional Industries Act applied exclusively in that case, the Court proceeded from the following premise: "Courts will not assume that the Legislature passed an act that serves no useful purpose, if the act can be interpreted in a manner that avoids such consequences." *Manville, supra,* 635. The compensation provision of the Correctional Industries Act dealt with the same subject matter as the minimum wage law, but was more specific in scope. Under these circumstances, application of the minimum wage law in a situation within the scope of the more specific act would render the latter a nullity. Because the Correctional Industries Act was passed subsequent to the enactment of the minimum wage law, this could not conceivably have been the intent of the Legislature. In such situations it is obvious that the Legislature intended to create an exception to an existing general rule.

In *People v LaRose, supra,* the Court contrasted a general statute governing false pretenses with a

later-enacted statute restricted in scope to insufficient funds checks. The Court recognized that where the issuance of an insufficient funds check formed the basis of the complaint either statute would apply by its terms. Nonetheless it held that:

"It was clearly the Legislature's intent, in enacting the insufficient funds statute, to carve out an exception to the false pretenses statute and to provide for a lesser penalty for the particular type of false pretenses involved in presentation of an insufficient funds check." *Id.,* 304.

A prosecutor is compelled to charge under the more specific statute.

Plaintiff in the instant case argues that the *Vannoy* Court wrongly applied the foregoing principles to the statutes governing armed robbery and bank robbery. We agree. Although enacted subsequent to the armed robbery statute, it is difficult to view the bank robbery statute as a more narrowly focused "exception" to the former. Even though the subject matter of the two statutes is comparable, they were promulgated to protect different interests. The bank robbery statute is intended to "protect structures intentionally constructed to protect valuables". *People v Ferguson,* 60 Mich App 302, 305; 230 NW2d 406 (1975). On the other hand, the purpose of the armed robbery statute is to protect persons from assaultive takings by means of dangerous weapons. *People v Williams, supra,* 515-516 (DANHOF, C.J., *dissenting).*

Further, the scope of the bank robbery statute is quite broad, encompassing three situations in which the armed robbery statute would not apply:

1. where there is no assault

2. where there is no asportation of the property, and

3. where a felony other than larceny is involved.

The bank robbery statute would not be reduced to a nullity by allowing the prosecutor to charge armed robbery in cases where the statutes overlap. Thus, the *Vannoy* decision was not well-grounded on the "nullity analysis" of *Manville v Board of Governors*. Nor is it independently warranted by the reasoning of the *LaRose* case, which, in part, justified its holding that the more specific statute was an exception to the more general one by the fact that it carried a lesser penalty than the general statute. The bank robbery statute carries the same penalty as the armed robbery statute, that is, any number of years to life. It is unlikely that the Legislature would create an exception to a general criminal statute, only to provide the identical penalty.

The *Vannoy* Court further observed:

"The existence of both statutes makes it clear that the Legislature intended to distinguish between the offense of armed robbery and the offense of bank robbery. The facts of this case disclose that at the time defendants entered the bank they did not do so to rob the individuals, either customers or employees, who were in the bank at the time. Rather, their plan was to rob the bank itself." *Vannoy, supra,* 411.

In the instant case, the bank robbery statute was more appropriate in the sense that a bank was involved and was the target of the crime. But the elements of larceny, assault, and use of a weapon also are present, none of which are essential elements of bank robbery. Moreover, the offense of armed robbery is satisfied by the taking of money in the possession or custody of another

person, which embraces the scenario of a bank robbery. The question as to which charge was more appropriate under these facts is not clearly evident.

For these reasons, we decline to follow the *Vannoy* decision. Consistent with the decision of *People v Williams,* we hold that a prosecutor has discretion to charge a defendant with either armed robbery or bank robbery in cases where both statutes are applicable.

The second claim of error in this appeal concerns alleged misconduct of the prosecutor during his cross-examination of defendant. The principal thrust of defendant's trial testimony was that he did not intend to harm or scare anyone, despite his use of a gun during the robbery. An ancillary issue raised by defendant was whether the discharge of the gun was accidental or intentional. Although these positions may be fairly viewed as collateral, the prosecutor sought to discredit them on cross-examination. The record clearly indicates that, during the course of this cross-examination, the prosecutor produced a gun and pointed it at defendant. Both parties indicate in their briefs on appeal that the gun held by the prosecutor was the nickel-plated revolver used by defendant in the robbery. The judge indicated that he would allow the jury to consider the "evidence", over objection by defense counsel. Apparently, the trial judge felt that the reaction of defendant to the drawn revolver was evidence relevant to the issue of the propensity of a gun to incite fear.

As an officer of the court, the prosecutor is under a duty to assure that the trial is conducted fairly. *People v Brocato,* 17 Mich App 277, 290-291; 169 NW2d 483 (1969). Although it is difficult to assess the impact of this incident on the jury, we

believe that the prosecutor's act was harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 562-563; 194 NW2d 709 (1972). The incident was not comparable to the conduct at issue in *Brocato,* where the prosecutor "made every conceivable effort to prevent the defendant from having a fair trial". *People v Brocato, supra,* 291. The issues raised by defendant and pursued by the prosecutor on cross-examination were collateral ones. It was not necessary for the prosecutor to prove that defendant intended to scare or injure anyone in the bank. The prosecutor need only have proved that a reasonable person would have been put in fear by defendant's conduct. The evidence of defendant's guilt, a product of cumulative testimony and defendant's own admissions, was overwhelming and the record indicates that defendant received "an abundantly fair trial". *People v Richard Smith,* 68 Mich App 138, 141; 242 NW2d 42 (1976). Therefore, we decline to reverse his conviction.

Affirmed.