PEOPLE v WITT

Docket No. 74975. Submitted April 16, 1984, at Detroit.—Decided
     January 7, 1985.

     Alex Witt, Jr., pled guilty in Oakland Circuit Court to charges of
     bank, safe or vault robbery, armed robbery, and felony-firearm
     and was sentenced, Frederick C. Ziem, J. Defendant appeals
     claiming that there was an insufficient factual basis to support
     the felony-firearm plea, but that the matter should not be
     remanded, and that his convictions of vault robbery and armed
     robbery violate the constitutional prohibitions against double
     jeopardy. *Held:*

          1. There was insufficient evidence to support defendant's
     felony-firearm plea. The case is remanded to the trial court to
     permit the prosecutor to establish the possession element of
     felony-firearm. If the prosecutor is able to do so and there is no
     contrary evidence, the felony-firearm conviction shall be af-
     firmed. If the prosecutor is unable to do so, the felony-firearm
     conviction shall be set aside. If contrary evidence is produced,
     the matter shall be treated as a motion to withdraw the guilty
     plea to felony-firearm and the court shall decide the matter in
     the exercise of its discretion.

          2. No double jeopardy violation occurs where the Legislature
     intends to permit multiple convictions under separate statutes
     based on a single criminal enterprise. The Legislature intended
     to permit multiple punishment under both the armed robbery
     and vault robbery statutes.

          Affirmed.

          SHEPHERD, P.J., concurred but would hold that defendant's
     convictions of vault robbery and armed robbery did not arise
     out of the same conduct so there is no need to even consider
     whether two such convictions for the same conduct would

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 167.
   79 Am Jur 2d, Weapons and Firearms §§ 5, 24.
[2] 21 Am Jur 2d, Criminal Law § 489.
[3-7] 21 Am Jur 2d, Criminal Law §§ 277-279.
   73 Am Jur 2d, Statutes § 145.
[5, 6] 67 Am Jur 2d, Robbery § 48.

constitute double jeopardy. He disagrees with the majority's finding that the Legislature intended multiple punishments under the vault robbery and armed robbery statutes for the very same conduct and states that, without a clear indication that the Legislature intended multiple punishments under the two statutes, the Court of Appeals should not sanction application of both provisions to the same conduct.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM.

A defendant may be guilty of violating the felony-firearm statute if it can be shown that he either personally possessed a firearm during the commission of a felony or that he procured, counselled, aided, or abetted and so assisted another in obtaining or retaining possession of the firearm.

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEAS — INFERENCES.

A factual basis for acceptance of a guilty plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant, even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

The sole inquiry in determining whether the multiple punishment prohibition of the double jeopardy clause has been violated is whether the Legislature intended to permit multiple convictions under separate statutes based on a single criminal enterprise; if so, no double jeopardy violation occurred (US Const, Am V; Const 1963, art 1, § 15).

4. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.

The intent of the Legislature in imposing punishment for violation of criminal statutes should be determined for purposes of double jeopardy analysis by reference to the subject of the statutes, their language, and their history.

5. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ARMED ROBBERY — VAULT ROBBERY.

The Legislature intended to permit multiple punishment under both the armed robbery and vault robbery statutes for a single criminal transaction; convictions under both statutes for the same criminal conduct does not violate double jeopardy prohibi-

tions (US Const, Am V; Const 1963, art 1, § 15; MCL 750.529, 750.531; MSA 28.797, 28.799).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY SHEPHERD, P.J.

6. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
    ARMED ROBBERY — BANK ROBBERY.
    *Convicting a defendant of armed robbery and bank robbery for the very same conduct, absent a clear indication that the Legislature intended multiple punishments under those statutes, violates the double jeopardy clauses of the United States and Michigan Constitutions (US Const, Am V; Const 1963, art 1, § 15; MCL 750.529, 750.531; MSA 28.797, 28.799).*

7. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENT.
    *Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments; however, where the evidence of legislative intent is inconclusive, the rule of lenity requires the conclusion that separate punishments were not intended.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*William G. Wolfram,* for defendant on appeal.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

PER CURIAM. Defendant was convicted on his plea of guilty of bank, safe or vault robbery, MCL 750.531; MSA 28.799, armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to concurrent terms of from 3 to 20 years' imprisonment on each robbery offense, to be served following the mandatory two-year prison term on the felony-firearm conviction. He appeals as of right

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claiming (1) that there was an insufficient factual basis to support the felony-firearm plea, but that the matter should not be remanded, and (2) that his convictions of vault robbery and armed robbery violate the constitutional prohibitions against double jeopardy. We agree that there was insufficient evidence to support the felony-firearm plea, but remand the case to the trial court for further proofs. We disagree with defendant's double jeopardy claim.

*Was there a sufficient factual basis to support defendant's guilty plea to felony-firearm?*

In order to support a felony-firearm conviction under *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), it must be shown that defendant either personally possessed a firearm during the commission of a felony or that defendant procured, counselled, aided, or abetted and so assisted another in obtaining or retaining possession of the firearm.

A factual basis for acceptance of a guilty plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant, even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

In the present case, the prosecutor tacitly admits that the defendant's statements at the plea proceeding did not establish a basis for a reasonable inference that he personally possessed a firearm during commission of the robberies or that he assisted the co-perpetrator in obtaining or retaining possession of a firearm. However, the prosecutor argues that a sufficient factual basis may be established through independant evidence, *i.e.,* he cites testimony taken at the preliminary examination in this case. Therefore, we remand the case to

the trial court to permit the prosecutor to establish the possession element of felony-firearm. If the prosecutor is able to do so and there is no contrary evidence, the felony-firearm conviction shall be affirmed. If the prosecutor is unable to do so, the felony-firearm conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea to felony-firearm and the court shall decide the matter in the exercise of its discretion. *People v Johnson, supra,* pp 54-55.

*Do defendant's convictions of vault robbery and armed robbery violate the constitutional prohibitions against double jeopardy, US Const, Am V; Const 1963, art 1, § 15?*

According to defendant's testimony at the plea proceeding, on December 27, 1982, he and Donald Fritz made an unsuccessful attempt to rob an armored car. Defendant stated that Fritz took the guard's gun and fired a shot, whereupon the guard fainted. It is a reasonable inference from defendant's statements that Fritz was armed with another weapon prior to taking the guard's gun. Defendant testified that he dissuaded Fritz from shooting the guard and that both men then ran away. The only property taken was the guard's gun. Defendant stated that he knowingly participated in the attempt to rob the armored car and that he knew Fritz had a gun.

Defendant contends that his convictions of vault robbery and armed robbery were based on the same criminal conduct and violated the double jeopardy clauses of the United States and Michigan Constitutions.

In *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984), a four-member majority of the Supreme Court established a new test to determine whether the "multiple-punishment" prohibition of the dou-

ble jeopardy clause has been violated. The Court disavowed the *Blockburger* test,[1] which had been applied under the federal constitution, as well as the so-called "factual double jeopardy" test which had been applied under the state constitution. Under *Robideau,* the sole inquiry is whether the Legislature intended to permit multiple convictions under separate statutes based on a single criminal enterprise. If so, no double jeopardy violation has occurred. The *Robideau* Court rejected prior tests, "preferring instead to use traditional means to determine the intent of the Legislature: the subject, language, and history of the statutes". *Robideau, supra,* p 486.[2]

This Court finds that there is a legislative intent to permit punishment under both the vault robbery statute and the armed robbery statute. The former statute is apparently aimed at the protection of funds kept in a building, bank, safe, vault or other depository of money, as well as the protection of persons charged with guarding the money and those otherwise in custody of the money. Neither use of a weapon nor an actual taking of money or property is required under the vault robbery statute. It is also clear from the statute that the offense may be committed without the

[1] *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

[2] The Supreme Court stated some general principles for determining legislative intent: (1) statutes prohibiting conduct which violates distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments. The court must identify the type of harm the Legislature intended to prevent. Where two statutes prohibit violations of the same social norm, in a somewhat different manner, it is generally concluded that the Legislature did not intend multiple punishment; (2) the degree of punishment expressly authorized by the Legislature may be indicative of legislative intent, particularly where criminal statutes build upon one another. Where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes.

presence of another person. The armed robbery statute, on the other hand, requires an assault, a felonious taking of money or property from the victim's presence and the use of a weapon during the offense. See *People v Avery*, 115 Mich App 699, 701-702; 321 NW2d 779 (1982). It is aimed at persons who violate social norms by taking property from the presence of another by force or threat of force while armed with a weapon. The purpose of the armed robbery statute is, therefore, different from that of the vault robbery statute.

We conclude that the Legislature did intend to permit multiple punishment under both the armed robbery and vault robbery statutes and accordingly reject defendant's double jeopardy challenge.

Affirmed.

SHEPHERD, P.J. *(concurring in part and dissenting in part).* I agree with the majority's decision to remand this case to permit the prosecutor to establish a factual basis for the plea of guilty to felony-firearm. I also agree that the convictions for armed robbery and bank robbery do not constitute double jeopardy. However, I would reach the latter result by a different route than does the majority, since I disagree with its apparent holding that a defendant may be convicted of armed robbery and bank robbery for the very same conduct.

In *People v Robideau*, 419 Mich 458, 486; 355 NW2d 592 (1984), the Supreme Court held that punishment under more than one provision of the Penal Code is permitted if the Legislature so intended. The Court stated that "[s]tatutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments". *Id.,* 487. Where the evidence of legislative intent is inconclusive, "the rule of lenity requires the con-

slusion that separate punishments were not intended". *Id.,* 488.[1]

The majority correctly note that violation of the bank robbery statute does not necessarily require a larceny from a person or the use of a weapon. MCL 750.531; MSA 28.799. It is also beyond question that the statute is aimed, in part, at protection of repositories of valuables. *People v Ferguson,* 60 Mich App 302, 305; 230 NW2d 406 (1975). Nevertheless, a plain reading of the statute discloses that it encompasses two distinct offenses, namely, bank robbery involving assaultive conduct and safecracking. *People v Adams,* 128 Mich App 25, 30; 339 NW2d 687 (1983). Where the bank robbery is of the former variety, it and armed robbery "are of the same class or category". *Id.* The policies underlying the statutory prohibitions of bank robbery and armed robbery substantially overlap, insofar as both sections concern protection of individuals from the use of violence to obtain property. Absent a clear indication that the Legislature intended multiple punishment, *Robideau, supra,* we should not sanction application of both provisions to the same conduct. Rather, the prosecutor must, in the exercise of his discretion, choose one or the other. *People v Thomas,* 118 Mich App 667; 325 NW2d 536 (1982), *lv den* 417 Mich 1000 (1983).

In the instant case, however, defendant's convictions of bank robbery and armed robbery did not arise from the same conduct. The bank robbery

---

[1] " 'When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.' " *Bell v United States,* 349 US 81, 83; 75 S Ct 620; 99 L Ed 905 (1955), quoted in *People v Gilbert,* 414 Mich 191, 211; 324 NW2d 834 (1982).

was complete when defendant and the co-perpetrator attempted to rob the armored car. Defendant committed, or aided and abetted in the commission of, an armed robbery when he or the co-perpetrator took the guard's gun. This was a larcenous act separate from the attempted robbery of the armored car. Where there is a taking apart from the bank robbery, multiple convictions do not violate the double jeopardy clause. *Adams, supra,* p 32. Hence, there is no need even to consider whether two such convictions for the same conduct would constitute double jeopardy.