NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 17-1986

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 07, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD RAY LUCAS, | ) |
| | ) |
| Defendant-Appellant; | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
WESTERN DISTRICT OF
MICHIGAN

BEFORE:  GIBBONS, BUSH, and LARSEN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Edward Lucas pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  The district court sentenced Lucas as a career offender under the United States Sentencing Guidelines, relying on three prior convictions for crimes of violence: a 2001 conviction for assault with intent to commit great bodily harm less than murder and two 1999 convictions for assaultive bank robbery under Mich. Comp. Laws § 750.531.  Lucas now challenges his designation as a career offender on the ground that assaultive bank robbery under Mich. Comp. Laws § 750.531 is not a crime of violence as defined by USSG § 4B1.2(a).  Because we find Michigan assaultive bank robbery is a crime of violence under the Guidelines, we affirm.

I.

On August 18, 2016, Edward Lucas robbed the Independent Bank in Sand Lake, Michigan, by approaching a teller and presenting her with a note reading: "This is a robbery, 100, 50, 20, no dye packs."  DE 37, PSR, Page ID 78.  The teller responded by giving Lucas approximately $5,500

in cash, after which, Lucas left the bank and drove out of the parking lot. Police officers later located Lucas's vehicle and, following a high-speed chase that ended when Lucas crashed into two other vehicles, arrested Lucas and recovered the money.

Lucas pled guilty without a plea agreement to a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). In his Presentencing Report, the Probation Office classified Lucas as a career offender based on Lucas's 2001 conviction for assault with intent to commit great bodily harm less than murder and his 1999 convictions for two separate assaultive bank robberies under Mich. Comp. Laws § 750.531. Lucas objected to his classification as a career offender in both his sentencing memorandum and at the sentencing hearing, arguing that assaultive bank robbery under Mich. Comp. Laws § 750.531 is not a crime of violence, so his convictions for that offense could not serve as predicates for his career offender classification. The district court rejected Lucas's argument and determined that because Michigan assaultive bank robbery is a crime of violence, Lucas was a career offender due to his prior convictions. Accordingly, Lucas's Guidelines range as a career offender was 151–188 months rather than 57–71 months. Lucas was sentenced to 151 months' imprisonment.

## II.

This court reviews de novo a district court's legal conclusion that a defendant's prior conviction constitutes a crime of violence. *United States v. Bartee*, 529 F.3d 357, 358 (6th Cir. 2008).

## III.

On appeal, Lucas again raises the argument that he should not have been classified as a career offender because his Michigan bank robbery convictions were not for crimes of violence. For the reasons addressed below, however, assaultive bank robbery under Mich. Comp. Laws

§ 750.531 is a crime of violence, and, therefore, we affirm the sentence imposed by the district court.

The United States Sentencing Guidelines § 4B1.1 provides significantly increased prison terms for a criminal defendant who qualifies as a "career offender." In order to be considered a career offender, a defendant must meet certain requirements, including having at least two prior felony convictions for either crimes of violence or controlled substance offenses. USSG § 4B1.1(a). One way in which a crime may constitute a "crime of violence" under USSG § 4B1.2(a) is if the "offense under federal or state law, [is] punishable by imprisonment for a term exceeding one year" and "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). This method for qualifying as a crime of violence is often referred to as the "elements prong" or the "'use of physical force' clause." *See United States v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014); *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).

"Physical force" in the context of the elements prong means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The adjective "violent" connotes that only strong physical force meets the definition and that mere unwanted touching is insufficient. *Id.* at 140–42.

The Michigan bank robbery statute under which Lucas was previously convicted reads:

Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or

3

fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years.

Mich. Comp. Laws § 750.531. Although somewhat convoluted, Michigan's "bank robbery statute encompasses two distinct offenses, namely bank robbery involving assaultive conduct and safecracking." *United States v. Goodson*, 700 F. App'x 417, 422 (6th Cir. 2017) (quoting *People v. Campbell*, 418 N.W.2d 404, 406 (Mich. Ct. App. 1987)). Therefore, as this court has recently found and neither party disputes, "the Michigan bank robbery statute contemplates multiple alternative elements," and the statute is divisible into these two separate offenses. *Id.*

The parties agree that safecracking robbery does not contain an element of "the use, attempted use, or threatened use of physical force" and therefore does not qualify as a crime of violence. Whether assaultive bank robbery qualifies as a crime of violence, however, remains an open question. *See id.* at 423 (concluding that Michigan bank robbery "qualifies as a predicate offense under the residual clause of the Guidelines," which has since been removed, and "not reach[ing] the question of whether Michigan bank robbery qualifies as a crime of violence under the use-of-force clause"). And, because the charging documents for Lucas's Mich. Comp. Laws § 750.531 convictions allege he committed bank robbery by "put[ting] in fear," his prior convictions fall under the assaultive bank robbery division of the statute. *See United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (explaining that to determine which division of a statute applies, courts "look beyond the statutory language and examine certain state-court documents . . . to determine whether the conviction necessarily depended on the commission of a crime of violence").

To determine whether a conviction offense is a "crime of violence," this court applies a categorical approach "focus[ing] on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v.*

4

*Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). An offense is a crime of violence only if the least of the acts criminalized by the division of the statute would qualify as a crime of violence. *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017); *see also Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). However, "[t]he minimum culpable conduct criminalized by the state statute includes only conduct to which there is a 'realistic probability, not a theoretical possibility' that the state would apply the statute." *Yates*, 866 F.3d at 728 (quoting *Moncrieffe*, 569 U.S. at 191).

Lucas argues that assaultive bank robbery is not a crime of violence because it can be accomplished either by confinement or by putting a person in fear, and neither of these actions requires the requisite level of violent physical force be accomplished, attempted, or threatened. We disagree.

As this court has previously held, bank robberies "carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result." *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002). This implicit threat of physical force during a bank robbery exists even if the overt action performed by the defendant is confinement. The confinement itself, whether through binding, locking in a confined space, or otherwise blocking movement, requires a threat of physical force sufficient to constitute a crime of violence to compel compliance from the victim. While it is hypothetically possible that all bank employees and customers could be confined without an overt threat of violent physical force—if for example, they all happen to congregate on their own accord in a room of the bank and the defendant surreptitiously locked the door behind them—even in such cases, the very act of locking a door might reasonably be understood to contain the threat that violent physical force would be used should one attempt to leave. We need not decide whether such an unusual scenario would suffice,

5

however, because the only realistically probable way that someone could commit bank robbery by confinement is through a more obvious threat of violent physical force, either expressed or implied. And this court has concluded that "a hypothetical nonviolent violation of the statute, without evidence of actual application of the statute to such conduct, is insufficient to show a 'realistic probability'" that the crime could encompass nonviolent conduct. *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (finding that Hobbs Act robbery constitutes a crime of violence in the 18 U.S.C. § 924(c) context), *cert. denied*, 137 S. Ct. 2230 (2017); *see Yates*, 866 F.3d at 728 (stating there must be a "realistic probability, not a theoretical possibility" that the state would apply the statute to conduct that would not constitute a crime of violence); *cf. Goodson*, 700 F. App'x at 424 (noting while finding that Michigan assaultive bank robbery is a crime of violence under the residual clause that "[t]he mere possibility that a person could, conceivably, commit the offense without creating a serious risk of physical injury to another is not enough to exclude the offense from the ambit of the Guidelines' residual clause"). Further, Lucas has failed to point to any authority indicating that Michigan bank robbery—or any other type of bank robbery—involving confinement does not inherently also include the use or threatened use of violent physical force. Accordingly, confinement during a bank robbery qualifies as a crime of violence.

Bank robbery by "put[ting] in fear" also involves a threat of physical force sufficient to make it a crime of violence. We have already found that "putting a person in fear" under the prior version of Michigan's unarmed robbery statute constitutes a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b), because it "requires physical force or the threat of physical force in order to sustain a robbery conviction." *United States v. Matthews*, 689 F. App'x 840, 844–45 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1438 (2018). We arrived at that result after determining that the Michigan courts had held that "putting a person in fear" meant "fear of

6

personal injury" and that "whether a victim was put in fear [depended on] whether the victim believed that injury was likely to result if he or she failed to comply." *Id.* at 845 (emphasis omitted) (citing *People v. Randolph*, 648 N.W.2d 164, 167–68, 171 (Mich. 2002), *People v. Kruper*, 64 N.W.2d 629, 632 (Mich. 1954), and *People v. Hearn*, 406 N.W.2d 211, 214 (Mich. Ct. App. 1987)). The "put in fear any person" language from Michigan's bank robbery statute is essentially identical to the "putting in fear . . . the person of another" language from the previous version of Michigan's unarmed robbery statute. *Compare* Mich. Comp. Laws § 750.531, *with* Mich. Comp. Laws § 750.530 (P.A. 1931, No. 328 § 530) (amended by P.A. 2004, No. 128 (effective July 1, 2004)). Additionally, like the unarmed robbery statute, the purpose of assaultive bank robbery under Mich. Comp. Laws § 750.531 is to prohibit "the *threatening* or *injuring* of another in order to take money, not the actual stealing." *Campbell*, 418 N.W.2d at 406–07 (explaining that in the context of "'nonsafecracking' bank robbery," the bank robbery statute's purpose is the same as the armed and unarmed robbery statues, namely to protect individuals from harm or fear of harm). Therefore, we interpret "put in fear any person" in Mich. Comp. Laws § 750.531 to likewise require the threat of violent physical force. *See Matthews*, 689 F. App'x at 844–45. Accordingly, because it requires the threat of violent physical force, we find assaultive Michigan bank robbery by "put[ting] in fear" to be a crime of violence under USSG § 4B1.2(a). *See also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (holding that bank robbery by "intimidation" under the federal bank robbery statute, 18 U.S.C. § 2113(a), carries a threat of force sufficient to qualify as a crime of violence under the elements prong), *cert. denied*, 137 S. Ct. 830 (2017).

Lucas's main argument for why "put[ting] in fear" does not encompass a sufficient threat of physical force to be a crime of violence is that Michigan courts do not require the defendant to use actual force or overt threats to put someone in fear. But a person can have a reasonable fear

of violent physical harm without an overt threat, and no such overt threat or actual use of force is necessary to make prohibited conduct a crime of violence. *See Gilmore*, 282 F.3d at 403 ("Intimidation [in the context of 18 U.S.C. § 2113(a)] does not require proof of express threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon."); *see also People v. Thomas*, 325 N.W.2d 536, 537, 539 (Mich. Ct. App. 1982) (concluding that "a reasonable person would have been put in fear by defendant's conduct" when the bank teller asked the defendant "'May I help you?', he replied, 'Yes, you may' and reached under his coat and pulled out a chrome-plated revolver").

Lucas also attempts to support his argument by citing numerous cases in which this court and others have held that a state robbery statute could be violated with only minimal force and therefore did not constitute a crime of violence. *See, e.g.*, *Yates*, 866 F.3d at 727–29 (finding Ohio's robbery statute is not a violent felony); *United States v. Mulkern*, 854 F.3d 87, 93–94 (1st Cir. 2017) (finding Maine's robbery statute is not a violent felony); *United States v. Eason*, 829 F.3d 633, 641–42 (8th Cir. 2016) (finding Arkansas's robbery statute is not a violent felony). But this argument is unpersuasive because all of these cases involved generic robbery or theft statutes rather than bank robbery statutes. They therefore did not take into account the "implicit threat" of harm involved in a bank robbery. *See Gilmore*, 282 F.3d at 402. In fact, Lucas's failure to cite to a single case finding that violation of a bank robbery statute does not constitute a crime of violence further supports this different treatment of bank robbery statutes in recognition of the inherent threat of physical harm generally accompanying such a crime.

Accordingly, we find assaultive bank robbery under Mich. Comp Laws § 750.531 qualifies as a crime of violence and therefore that Lucas was properly classified as a career offender under the Guidelines.

IV.

For the above reasons, we affirm Lucas's sentence.