**C O U R T   O F   A P P E A L S**

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILLIAM SPENCER,

      Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No.   322855
Shiawassee Circuit Court
LC No.   13-005449-FH

Before: GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(b) (force or coercion). The trial court sentenced defendant to 15 to 180 months' imprisonment. For the reasons below, we affirm.

## I.  FACTS

At trial, complainant testified that defendant called her on the evening of June 4, 2013, and asked if he could stop by her house to visit. Complainant said she agreed, and after defendant arrived, she fell asleep around midnight. She further testified that defendant forcefully penetrated her rectum with his genitalia sometime during the night of June 4 or the early morning hours of June 5, 2013. Complainant explained that after defendant ejaculated, he went to the bathroom and got her a washcloth, which she used to clean herself. Several days later, complainant contacted the police and turned over the soiled washcloth. At trial, a forensic scientist working for the Michigan State Police testified that the washcloth tested positive for seminal fluid and sperm cells. No evidence was proffered regarding whether the cells and fluid belonged to defendant.

Defendant took the stand and denied that he had raped complainant. In fact, he denied that he was at complainant's residence on June 4 or June 5, 2013. Defendant testified that he was staying with his cousin in Allegan, Michigan from June 1 through June 6, 2013. Defendant said that he was repairing his truck while he stayed with his cousin, and the truck was not drivable at the time of the alleged rape. He testified that he went to bed at his cousin's house at around 11:00 p.m. on June 4, 2013. Defendant explained the soiled washcloth by stating that he would sometimes masturbate and ejaculate into washcloths to get to sleep. He testified that he kept soiled washcloths in a gym bag that he left at complainant's residence during a previous

visit. Defendant's cousin and the cousin's wife testified in support of defendant's alibi, and defendant's father-in-law corroborated details that were consistent with defendant's narrative.

The investigating officer testified that defendant volunteered information about the washcloth before the officer told defendant that he had a washcloth. The officer said that he never found the bag that defendant allegedly left at the complainant's house. The officer also testified that defendant did not tell him that he was out of town during the time of the alleged rape until the second interview.

After the jury returned its verdict, defendant filed a motion for a new trial, arguing that the verdict was against the great weight of the evidence and that his trial counsel was ineffective. The trial court denied defendant's motion.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant first argues that the trial court abused its discretion when it held that the jury's verdict was not against the great weight of the evidence. We disagree.

We review a trial court's grant or denial of a motion for a new trial for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). A trial judge "may grant a new trial only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id*. at 647. "It is the province of the jury to determine questions of fact and assess the credibility of witnesses." *Id*. at 637. "New trial motions based solely on the weight of the evidence regarding witness credibility are not favored." *Id*. at 639. Moreover, "a judge may not repudiate a jury verdict on the ground that 'he disbelieves the testimony of witnesses for the prevailing party.' " *Id*. at 636, quoting *People v Johnson*, 397 Mich 686, 687; 246 NW2d 836 (1976).

Defendant's argument that his conviction was against the great weight of the evidence is unpersuasive. This case involved a credibility contest between complainant and defendant, as well as defendant's alibi witnesses. Although the testimony of the witnesses conflicted, conflicting testimony is an insufficient ground for granting a new trial. *Lemmon*, 456 Mich at 647. Defendant contends that his testimony and that of his alibi witnesses outweighed complainant's testimony; however, the jury heard the testimony presented on defendant's behalf and apparently found it untrustworthy, which was within its prerogative as the fact-finder. *Id*. at 637 ("It is the province of the jury to determine questions of fact and assess the credibility of witnesses."). By contrast, the jury determined that complainant's testimony was credible. A complainant's testimony, by itself, can be sufficient to support a conviction for criminal sexual conduct. *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012); see also MCL 750.520h. Therefore, the trial court did not abuse its discretion in concluding that the jury's verdict was not against the great weight of the evidence.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next contends that his trial counsel provided ineffective assistance for several reasons. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's factual findings for clear error and review de novo questions of constitutional law. *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859, amended on other grounds 481 Mich 1201 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id*. at 130 (citation and quotation marks omitted).

The defendant bears the burden of proving that his trial counsel provided ineffective assistance. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id*. at 80-81. To demonstrate prejudice, the defendant must show that absent counsel's errors, the outcome of the proceeding would have been different. *Id*. at 81. In meeting this burden, the defendant must overcome a strong presumption that counsel's actions constituted sound trial strategy. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

Defendant first argues that his trial counsel failed to present the testimony of additional alibi witnesses who were not his family members. "The decision whether to call witnesses is a matter of trial strategy." *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). To overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to call additional witnesses deprived him of a substantial defense that would have affected the outcome of the proceedings. *Id*. In this case, defendant testified that he was visiting his cousin in Allegan, Michigan during the time of the alleged rape. Defendant's cousin and the cousin's wife both testified in support of defendant's alibi. Defendant's father-in-law also testified to facts consistent with defendant's narrative. Thus, counsel's performance did not deprive defendant of an alibi defense. Further, although defendant argues that the additional witnesses would have substantiated that he was visiting his cousin during the week of the incident, defendant does not indicate that of any of these witnesses would have provided an alibi for the specific time of the assault. Therefore, it is unlikely the additional testimony would have affected the outcome of defendant's trial.

Defendant next argues that his trial counsel was ineffective for failing to withdraw an exhibit after the trial judge ruled that admission of the exhibit would open the door to testimony about defendant's prior bad acts. At trial, defense counsel sought to introduce a letter from complainant to the investigating police officer, in which complainant admitted that she had lied to the officer. The trial judge ruled that defense counsel could introduce the letter, but if the letter came in, the prosecutor would also be allowed to ask complainant what she had lied about, which was an alleged incident when defendant took provocative pictures of complainant and then engaged in nonconsensual intercourse with her. After the judge made his ruling, defense

counsel did not offer to withdraw the exhibit, which allowed the prosecutor to elicit the testimony from complainant.

Defense counsel's decision to offer an exhibit showing that complainant had lied, despite that fact that it opened the door to testimony about defendant's prior bad acts, was a matter of trial strategy. Specifically, defense counsel was attempting to undermine the complainant's credibility by showing that she had lied to the police. "Even the intentional introduction by defense counsel of a prior criminal record does not constitute a serious mistake of counsel depriving defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic." *People v Armstrong*, 100 Mich App 423, 426; 298 NW2d 752 (1980). The mere fact that defense counsel's trial strategy was ultimately unsuccessful does not demonstrate that his performance was unreasonable. *People v Kevorkian*, 248 Mich App 373, 414-415, 639 NW2d 291 (2001).

Even assuming arguendo that counsel's performance was unreasonable, defendant has not demonstrated prejudice resulting from the error. The trial judge instructed the jurors that they could only consider evidence of defendant's prior acts to determine whether defendant acted purposefully, and not for any other reason. Jurors are presumed to follow their instructions and proper instructions cure most errors. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Under these circumstances, even if counsel's performance was unreasonable, defendant has not demonstrated that he was prejudiced by the testimony regarding his prior bad acts because we presume that the cautionary jury instruction cured any error. Therefore, defense counsel was not ineffective for failing to withdraw the exhibit.

Finally, defendant argues that his trial counsel was ineffective for failing to present cell phone records, "GPS tower locations," time card reports from defendant's cousin and the cousin's wife, a school schedule, and photographs of his truck undergoing repairs to support his alibi defense. Defendant did not attach the phone records to his appellate brief, and he did not produce them in his motion for a new trial or *Ginther*[1] hearing. On appeal, defendant offered a notarized letter in which he stated that his trial counsel told him he subpoenaed the phone records from the Perry Police Department, but the police department lost the records. Defendant also stated in his letter that trial counsel told him the phone company never responded to the subpoena. Even assuming defendant's assertions are correct, he has failed to demonstrate prejudice arising from defense counsel's actions because he offers no evidence regarding what information the phone records contained. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (noting that a defendant bears the burden of establishing the factual predicate of an ineffective assistance of counsel claim). Moreover, although the time card reports, school schedule, and photographs were consistent with defendant's general narrative of events, none of this evidence addressed defendant's whereabouts on the night of the assault, so defendant cannot show that introduction of the evidence would have produced a different result at trial. Because defendant cannot establish prejudice, his claim fails.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly